LANG, APPELLANT, *v.* POFFENBARGER ET AL., APPELLEES.
FRANGOS, APPELLANT, *v.* POFFENBARGER ET AL., APPELLEES.

[Cite as Lang v. Poffenbarger (1972),
31 Ohio App. 2d 239.]

(Nos. 5110 and 5111—Decided February 17, 1972.)

*Murray & Murray Co.,* L. P. A., and *Messrs. Pfau,
Comstock & Springer,* for appellants.
*Mr. Richard F. Rice,* for appellees.

LYNCH, J. Both Gloria Lang, plaintiff-appellant in
case number 5110, and Mary Frangos, plaintiff-appellant
in case number 5111, reside at the same address, are em-
ployees of the Packard Electric Plant of General Motors
Corporation at Warren, Ohio, and are members of Local
717, International Union of Electrical Radio & Machine
Workers, AFL-CIO.

Defendants-appellees are the Union and certain of-
ficers and members of the Union.

The cause of action in both appeals arises out of alleg-
edly false and malicious statements made during Gloria
Lang's campaign for union office, to the effect that Gloria
Lang and Mary Frangos were engaged in perverted sex-
ual acts and relationships. Plaintiffs allege that as a re-
sult of this malicious slander, Gloria Lang was defeated
in the union election, that their loss of reputation injured
their chances to advancement in their employment and
their union, and that both suffered impaired health.

240

Both plaintiffs are appealing the decision of the trial court sustaining the motion of defendants to dismiss the complaints and the court's ruling granting final judgment for defendants.

The trial court cited as authority for his decision the case of *San Diego Building Trades Council* v. *Garmon* (1959), 359 U. S. 236, which held on page 245 that when an activity is arguably subject to Section 7 or Section 8 of the National Labor Relations Act, the state as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board.

It is now established that state courts are not precluded from exercising jurisdiction over libel or slander actions arising from labor activities because of federal preemption under Sections 7 and 8 of the National Labor Relations Act. *Meyer* v. *Joint Council 53, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America* (1965), 415 Pa. 401, 206 A. 2d 382, *certiorari denied*, 382 U. S. 897; *Linn* v. *United Plant Guard Workers of America, Local 114* (1966), 383 U. S. 53, whose validity was recognized in the most recent decision on this issue in *Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America* v. *Lockridge* (1971), 29 L. Ed. 2d 473.

We hold that the trial court was in error in dismissing the complaints of both plaintiffs on the basis of *San Diego Building Trades Council* v. *Garmon, supra*.

The judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*

O'NEILL, P. J., and JOHNSON, J., concur.